**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

ROBERT J. TANEY,

          Plaintiff,

vs.                                           Case No. 5:10-cv-134-Oc-32JRK

HOLDING COMPANY OF THE VILLAGES, INC.,

          Defendant.

## **ORDER**

This case is before the Court on Plaintiff's Motion to Dismiss Defendants' first, second, third, fourth and ninth affirmative defenses, in addition to a notice, included in Defendant's Answer, that Defendant will seek attorney's fees and costs. (Doc. 7). Defendant has filed a response. (Doc. 8).

**I.**	**Facts**

In his Complaint, Plaintiff, Robert Taney, alleges that he was an employee of Defendant, Holding Company of the Villages (Villages), from July 2007 until March 2009 during which time he was not compensated at one and one-half times his normal rate for hours worked in excess of 40 hours per week. (Doc. 1 at ¶ 11). Villages asserts affirmative defenses relevant to this order which state, in brief, as follows: First, Taney's complaint fails to state a claim upon which relief can be granted. (Doc. 5 at 2). Second, Taney was not employed by nor did he have any work relationship with Villages. Id. Third, if Taney was an employee, he falls into the "outside sales" exemption. Id. Fourth, Taney, for a combination of reasons including, but not limited to, the "highly compensated employee" and "outside

sales" exemptions, is excluded from minimum wage and overtime requirements. Id. at 2-3. Ninth, all compensation due to Taney has been paid by Villages. Id. at 3. Villages also gives notice that it intends to seek attorney's fees against Taney and his counsel for having filed frivolous and vexatious claims. Id. Plaintiff does not challenge Villages' fifth through eighth defenses and they are therefore not discussed here.

**II**.   **Discussion**

Though Taney purports to file a motion to dismiss defenses under Federal Rule of Civil Procedure 12(b)(6) or alternatively, a motion for judgment on the pleadings under Rule 12(c) directed solely to dismissal of certain specified defenses, this Court concludes his motion is better conceived as a motion to strike under Rule 12(f).

First Defense

Villages' first affirmative defense states, "Plaintiff's Complaint and Demand for Jury Trial fails to state a claim upon which relief can be granted against the Defendant." (Doc. 5 at 2). Under Rule 12(b), this is a defense that may be asserted either in a responsive pleading or a motion. Villages has chosen to assert this defense (which is essentially a motion to dismiss) in its answer as is permitted by Rule 12, however it has thus far failed to relate that legal conclusion to the facts in this case. Thus, while the Court will not strike it, neither does the Court give it much credence.

Second and Ninth Defenses

The second and ninth defenses respectively claim that Taney was not an employee of Villages and that all wages have been paid. Taney asserts, and the Eleventh Circuit agrees, that a "defense which points out a defect in the plaintiff's prima facie case is not an

2

affirmative defense." In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988). The "affirmative defenses" that effect a denial of elements which Taney must prove are not, therefore, real affirmative defenses. However, Rule 8 requires that a court construe pleadings so as to do justice. Fed. R. Civ. P. 8(e). Rule 8's broad admonition requires that this Court consider the "affirmative defenses" in light of their import, rather than their labels. Rawson confirms this view. "Although we do not doubt that the defense is often mislabeled as an affirmative defense, as in this case, we are aware of no case in which [the defense] was treated by the court as an affirmative defense." Id. at 1349 n.10; see also, Bluewater Trading LLC v. Willmar, Inc., No. 07-61284-CIV, 2008 WL 4179861, *2 (S.D. Fla. Sept. 9, 2008) ("[W]here a party labels a specific denial as a defense in its pleadings, courts will generally treat the defense as a denial"). Thus, the second and ninth defenses need not be struck.

### Third and Fourth Defenses

The third and fourth defenses assert that Taney, because of the "outside sales," "highly compensated employee," or other exemptions, is excluded from overtime pay and /or minimum wage requirements under the Fair Labor Standards Act. (Doc. 5 at 2-3). "Where the affirmative defenses are no more than 'bare bones conclusory allegations, [they] must be stricken.'" Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (quoting Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002)). These defenses state the legal conclusion that Taney is exempt but do not attempt to connect that legal conclusion to any fact in this case. However the Court accepts Villages' argument that they have a plausible basis to allege these defenses,

but only through discovery can they establish them. Thus, they need not be struck at this time.

Notice

Taney asserts that Villages' notice of intent to seek attorney's fees is improper as a matter of law. The Court agrees and the notice is struck. Villages' may file a motion for attorneys fees, if merited, at a later appropriate time.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion to Dismiss (Doc 7.), construed as a motion to strike, is **GRANTED** in part and otherwise **DENIED** as stated herein.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of November, 2010.

_____
TIMOTHY J. CORRIGAN
United States District Judge

bt.
Copies:

counsel of record